UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

MARIA DE LOS ANGELES ROSADO CRUZ,

                            Plaintiff,

                  v.

NANCY A. BERRYHILL,
Acting Commissioner of Social Security,

                            Defendant.
_____

DECISION AND ORDER

17-CV-6423L

       Plaintiff appeals from a denial of disability benefits by the Commissioner of Social Security ("the Commissioner"). The action is one brought pursuant to 42 U.S.C. §405(g) to review the Commissioner's final determination.

       On August 27, 2013, plaintiff, then forty-two years old, filed an application for Supplemental Security Income, alleging an inability to work since August 27, 2013. After that application was denied, plaintiff requested a hearing, which was held before Administrative Law Judge ("ALJ") John P. Costello. The ALJ issued an unfavorable decision on January 21, 2016, concluding that plaintiff was not disabled under the Social Security Act. (Dkt. #6 at 21-34). That decision became the final decision of the Commissioner when the Appeals Council denied review on May 2, 2017. (Dkt. #6 at 1-3). Plaintiff now appeals.

       The plaintiff has moved (Dkt. #9), and the Commissioner has cross moved (Dkt. #13) for judgment on the pleadings pursuant to Fed. R. Civ. Proc. 12(c). For the reasons set forth below, the plaintiff's motion is denied, the Commissioner's cross motion is granted, and the Commissioner's decision that plaintiff is not disabled is affirmed.

# DISCUSSION

**I.     Relevant Standards**

Determination of whether a claimant is disabled within the meaning of the Social Security Act requires a five-step sequential evaluation. *See Bowen v. City of New York*, 476 U.S. 467, 470-71 (1986). *See* 20 CFR §§404.1509, 404.1520. If the ALJ concludes that the claimant is not engaged in substantial gainful employment and suffers from a severe impairment, the ALJ examines whether the claimant's impairment meets or equals the criteria of those listed in Appendix 1 of Subpart P of Regulation No. 4. If the impairment does, and has continued for the required duration, the claimant is disabled. If not, analysis proceeds and the ALJ determines the claimant's residual functional capacity ("RFC"), which is the ability to perform physical or mental work activities on a sustained basis, notwithstanding limitations for the collective impairments. *See* 20 CFR §404.1520(e), (f).

If the claimant's RFC permits the performance of relevant jobs that the claimant has done in the past, the claimant is not disabled. If not, analysis proceeds to the final step, and the burden shifts to the Commissioner to show that the claimant is not disabled, by presenting evidence demonstrating that the claimant "retains a residual functional capacity to perform alternative substantial gainful work which exists in the national economy" in light of his or her age, education, and work experience. *See Rosa v. Callahan*, 168 F.3d 72, 77 (2d Cir.1999) (quoting *Bapp v. Bowen*, 802 F.2d 601, 604 (2d Cir.1986)). *See also* 20 CFR §404.1560(c).

Where a claimant's alleged disability includes mental components, at steps 2 and 3 the ALJ must apply the so-called "special technique" in addition to the usual five-step analysis. *See Kohler v. Astrue*, 546 F.3d 260, 265 (2d Cir. 2008). If the claimant is found to have a medically determinable mental impairment, the ALJ must assess the claimant's degree of resulting

limitations in four broad functional areas: (1) activities of daily living; (2) social functioning; (3) concentration, persistence or pace; and (4) episodes of decompensation. *See* 20 CFR §404.1520a(c)(3). If and how the analysis proceeds from that point depends upon the degree of impairment found. However, the ALJ must document his analysis, and his written decision must "reflect application of the technique, and…'include a specific finding as to the degree of limitation in each of the [four] functional areas.'" *Kohler*, 546 F.3d 260 at 266 (quoting 20 CFR §404.1520a(e)(2)).

The Commissioner's decision that a plaintiff is not disabled must be affirmed if it is supported by substantial evidence, and if the ALJ applied the correct legal standards. *See* 42 U.S.C. § 405(g); *Machadio v. Apfel*, 276 F.3d 103, 108 (2d Cir. 2002).

## II. The ALJ's Decision

Here, the ALJ found that the plaintiff had severe impairments, consisting of depression, anxiety, panic disorder and migraines, which did not meet or equal a listed impairment. Applying the special technique, the ALJ found that plaintiff has no restrictions in activities of daily living, moderate difficulties in social functioning, moderate difficulties with regard to concentration, persistence or pace, and has experienced no episodes of decompensation. The ALJ also considered the effect of plaintiff's obesity on her ability to perform the exertional demands of work.

The ALJ determined that plaintiff retained the RFC to perform a full range of work at all exertional levels, but with the following nonexertional limitations: plaintiff has sufficient attention and concentration to perform unskilled work, and is limited to goal-oriented, rather than production pace, work. She must primarily work alone, with only occasional supervision. When presented

with this RFC at the hearing, vocational expert Carol G. McManus testified that plaintiff could perform the representative positions of laundry sorter and cleaner-housekeeper. (Dkt. #6 at 33).

Plaintiff chiefly argues that the ALJ erred by "cherry-picking" the record with respect to the limitations caused by plaintiff's psychological problems and thus crafting an RFC that was not sufficiently limited, and that the ALJ improperly declined to give controlling weight to the opinion of plaintiff's treating social worker.

First, the Court does not agree with plaintiff's contention that the ALJ "cherry-picked" the record and ignored evidence that plaintiff's depression, anxiety and/or panic disorder would cause more than moderate difficulties in the areas of social functioning and concentration, persistence and pace. To the contrary, the Court finds that the ALJ's summary of the record was adequate, that his findings were well-supported by substantial evidence of record, and that he did not overlook relevant evidence in determining plaintiff's RFC. For example, contrary to plaintiff's arguments, the ALJ's finding that plaintiff has the requisite attention and concentration to "pay bills, manage her money and watch television" is not inconsistent with plaintiff's testimony that she is sometimes forgetful when it comes to personal care and cooking, or that she sometimes has to "count [her] money twice." (Dkt. #6 at 194-99). Similarly, the ALJ's finding that plaintiff can interact appropriately with bosses is not, as plaintiff suggests, logically undermined by references in the record to the tangential facts that she was once stabbed by someone during an argument, and/or that she has no friends. (Dkt. #6 at 274-305). Overall, the record simply does not contain any persuasive proof that plaintiff's psychological symptoms cause more than moderate limitations.

Indeed, the ALJ's finding that plaintiff is no more than moderately limited with respect to social interaction and attention and concentration is not only well-supported by the record

(including the bulk of the opinions rendered by plaintiff's treating social worker, Dkt. #6 at 384, 392), but exceeds the limitations described by consulting psychiatrist Dr. Kavitha Finnity, in an opinion which was otherwise given "significant" weight by the ALJ. (Dkt. #6 at 29, 375-80) ("[Dr. Finnity] opined that the claimant . . . had no limitations in her ability to . . . maintain attention and concentration . . . [h]owever, I note that the record supports moderate limitations in the claimant's ability to maintain concentration, persistence, and pace, rather than none to mild limitations").

With regard to plaintiff's contention that the ALJ failed to properly weigh the opinions of plaintiff's treating social worker, Patricia Wyjad, I find that the ALJ's assessment of Ms. Wyjad's opinions was adequate.

Initially, to the extent that plaintiff argues that Ms. Wyjad's opinions were entitled to controlling weight under the treating physician rule, it is well settled that "social workers are not considered treating physicians" for purposes of the rule. *Tilles v. Commission*, 2015 U.S. Dist. LEXIS 43166 at *76 (S.D.N.Y. 2015).

Furthermore, the ALJ did not, as plaintiff suggests, overlook or ignore Ms. Wyjad's opinions. To the contrary, he devoted an entire page of his opinion to the discussion of Ms. Wyjad's three opinions and an additional letter, all which he summarized in detail. The ALJ explicitly took note of Ms. Wyjad's status as a treating social worker and the length of her treating relationship with plaintiff. He identified internal inconsistencies in her opinions and took account of their timing (as two were rendered prior to plaintiff's alleged onset date). He then proceeded to grant each of them either "some" or "little" weight, based on whether the limitations they set forth were supported by other evidence of record, which the ALJ identified. This evidence included the opinion by consulting psychiatrist Dr. Finnity which the ALJ afforded "significant

weight," objective testing of plaintiff's memory skills, documentation of the fact that plaintiff consistently exhibited appropriate behavior throughout her treatment and showed improvement over time, and plaintiff's testimony concerning voluntary discontinuation of psychotherapy and medication with no resulting degeneration. (Dkt. #6 at 25-31). The ALJ set forth the grounds for his assessments of Ms. Wyjad's opinions in detail, and I find no factual or legal error therein. *See generally Sloan v. Colvin*, 24 F. Supp. 3d 315, 325 (W.D.N.Y. 2014) (ALJ did not err in rejecting opinion of treating social worker, where that opinion was inconsistent with other opinions of record, and/or the social worker's own treatment notes). *See also Hudson v. Colvin*, 2013 U.S. Dist. LEXIS 51327 at *36 (N.D.N.Y. 2013).

I have considered the remainder of plaintiff's arguments, and find them to be without merit.

## CONCLUSION

For the forgoing reasons, I find that the ALJ's decision was supported by substantial evidence, and was not the product of legal error. The plaintiff's motion for judgment on the pleadings (Dkt. #9) is denied, the Commissioner's cross motion for judgment on the pleadings (Dkt. #13) is granted, and the Commissioner's decision that plaintiff is not disabled is affirmed in its entirety.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
November 27, 2018.